NO. 7407

MAISON BLANCHE COMPANY

VS

MRS. R. H. GREEN.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

7407

## O P I N I O N.

By his Honor, John St. Paul.

Plaintiffs are merchants and defendant is a customer of theirs with a good credit.

On a certain day defendant selected out of plaintiffs stock three sets of bedroom furniture which ~~was~~ *were* delivered at her home. She directed that two sets be charged to herself and the third to one A. H. Page, who (she said) had commissioned her to purchase it for her mother.

Two sets were charged to her and in due course paid for. As to the third set, the salesman referred the matter to the "Credit man", who approved the sale and authorized its being charged to Page. This was done and the bill was sent to Page.

A few weeks thereafter Page died without having paid the bill, and shortly afterwards plaintiffs, disregarding Page and his succession, claimed the amount from defendant and are now suing for it, in the theory that the set was sold to her.

The suit is not brought ~~in~~ *on* the theory that ~~plaintiff~~ *defendant* was not authorized by Page to make the purchase; and her evidence is that she had his authority. We believe that she had, and doubtless so do plaintiffs, who had ample opportunit     ascertain the facts before delivering the furniture. The qu╌        ╌re be one, is whether defendant is liable because she ╌╌╌            ╌╌╌ received the goods.

As it is clear that defendant was simply Page's agent and had disclosed that fact and that she did not pledge her own credit; she is therefore not personally liable. C. C. 3013. Whitney Vs Wyman 101 U. S. 348.

Nor does it make the slightest difference that defendant selected the furniture and that it was delivered to her; for even if it had been for her own use, she would still not have owed for it. In Standard Distilling Co vs Aronson, (10 Court of Appeal 15, 9 Court of Appeal 328) the goods were selected *by* and delivered to Aronson, and part of them had actually been used by himself, but

120

he had directed that they be charged to his son and the charge had been made accordingly. We held that Aronson was not liable.

Watson vs Jones 125 La 249, has no application. There the court said (p.251) that though the goods had been charged to Jones, nevertheless Pierson might still be liable if the goods were "sold" to him. As the learned Chief Justice has emphasized the word sold it is clear he meant something more than mere selection by and delivery to Pierson. He meant if Pierson had engaged his personal credit.

The judgment appealed from is correct.

Judgment Affirmed.